**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DERRICK A. CAUDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1264-CFC-SRF |
| | ) | |
| JORDAN CLARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Derrick A. Caudle ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action on October 16, 2025, alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, I recommend that the court DISMISS WITH PREJUDICE the claims against JTVCC, the Delaware Department of Corrections ("DDOC"), and the Individual Defendants in their official capacities,[1] and DISMISS WITHOUT PREJUDICE the remaining claims against the Individual Defendants in their individual capacities.

## I.    BACKGROUND

Plaintiff brings this civil rights action against correctional officer Jordan Clark, Lieutenants Heather Sampson and Matthew Stevenson, Warden Brian Emig, Commissioner Terra Taylor, Bureau Chief Robert May, DDOC, and JTVCC pursuant to 42 U.S.C. § 1983. The complaint alleges that, after Plaintiff received a disciplinary write up for bribery on June 18,

---

[1] The court refers to correctional officer Jordan Clark, Lieutenants Heather Sampson and Matthew Stevenson, Warden Brian Emig, Commissioner Terra Taylor, Bureau Chief Robert May collectively as the "Individual Defendants."

2025, prison officials failed to adhere to pre-hearing detention rules and other policies governing the disciplinary process.  (D.I. 2)  Plaintiff alleges mental and physical harm resulting from his transfer to the maximum-security Security Housing Unit ("SHU").[2]  (*Id.*)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on

---

[2] The Security Housing Unit ("SHU") houses those inmates who have demonstrated that they cannot be housed in a lesser security and/or whose behavior and history are conducive to maximum security housing.  *See* https://doc.delaware.gov/views/jtvcc.blade.shtml.

an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions,

3

are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff asserts claims against the DDOC and JTVCC. JTVCC falls under the umbrella of the DDOC, an agency of the State of Delaware. *Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 3017120, at *5 (D. Del. July 10, 2019). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from suits brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Thus, I recommend that the court dismiss the claims against the DDOC and JTVCC pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

To the extent Plaintiff brings his claims against the Individual Defendants in their official capacities, they are also immune from suit under the Eleventh Amendment. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Because Section 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the

4

Eleventh Amendment, I recommend that the court dismiss Plaintiff's claims against the DDOC, JTVCC, and the Individual Defendants in their official capacities. *See id.*

### B. *Respondeat Superior* / Personal Involvement

The complaint names as Defendants Commissioner Terra Taylor, Bureau Chief Robert May, Warden Brian Emig, Lieutenant Matthew Stevenson, Lieutenant Heather Sampson, and Correctional Officer Jordan Clark. There are no allegations directed against several of the foregoing defendants. The complaint states that correctional officer Jordan Clark issued a write up to Plaintiff for bribery without tying this conduct to any constitutional violation. (D.I. 2 at 6) The complaint also alleges "Plaintiff has expressed multiple BOP (Bureau of Prisons) Policy Violations by hearing officer Lieutenant Matthew Stevenson at the hearing and after the hearing[.]" (*Id.*) However, the complaint does not specify any particular conduct by Stevenson that allegedly violates a prison policy. The same is true of the pleaded allegations against Taylor, Emig, and May, who are identified in their roles as supervisory officials.

Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Consequently, *respondeat superior* cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.' " *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). The complaint contains only conclusory allegations that supervisory defendants Taylor, Emig, and May established and maintained a policy which directly caused a constitutional harm. Even when liberally construing Plaintiff's complaint, the allegations are conclusory and fail to allege facts that, if proven, would show personal involvement by any of the defendants. The allegations fall short of alleging that any defendant personally directed or knew of and acquiesced in any alleged constitutional violation. *See Evancho v. Fisher*, 423 F.3d at 353-54. Instead, the complaint provides only labels, conclusions, and formulaic recitations of elements of a cause of action. Absent any allegation of personal involvement, Plaintiff's Section 1983 claims cannot stand.

As pleaded, the complaint fails to state claims upon which relief may be granted. Therefore, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Because Plaintiff may be able to articulate a claim against certain defendants or to name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

6

**C. Transfer to SHU - Due Process and Eighth Amendment**

The complaint alleges that Plaintiff's constitutional rights were violated when he was transferred to the SHU following the issuance of a disciplinary write up. To succeed on a due process claim, Plaintiff must first demonstrate that he was deprived of a protected interest. *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002). The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. *See id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Because segregation at a different administrative security level is the sort of confinement that Plaintiff should reasonably anticipate receiving at some point in his incarceration (depending on events and his conduct), his transfer to less amenable and more restrictive custody does not implicate a liberty interest that arises under the Due Process Clause. *See Fountain v. Vaughn*, 679 F. App'x 117, 120 (3d Cir. Feb. 17, 2017) (citing *Toms v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002)). The complaint does not demonstrate that Plaintiff was deprived of a liberty interest. Therefore, it fails to state a cognizable due process claim due to Plaintiff's placement in SHU.

To the extent Plaintiff alleges he was subjected to unlawful conditions of confinement while housed in SHU in violation of the Eighth Amendment, the claim is subject to dismissal. Where conditions are not "cruel and unusual" but merely "restrictive and even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *Young v.*

*Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000). Here, Plaintiff was placed in SHU following a disciplinary write up. He does not identify any specific conditions of his confinement, let alone conditions that could be said to be inhumane or without penological justification. Therefore, I recommend that the court dismiss the conditions of confinement claim.

**D. Request for Counsel**

Plaintiff filed a letter with the court requesting the appointment of an attorney to represent him in this matter. (D.I. 7) Plaintiff's request for counsel is denied without prejudice to renew as premature given that there is no operative pleading. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

<u>**ORDER**</u>

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on May __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against the DDOC, JTVCC, and the Individual Defendants in their official capacities are **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

3.    Plaintiff's claims against the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8

4.      Plaintiff's motion for appointment of counsel is **DENIED WITHOUT**

**PREJUDICE.**  (D.I. 7)

5.      Plaintiff is granted leave until on or before _____, 2026 to file an

amended complaint remedying the deficiencies noted in the Report and Recommendation.

The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall

be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served

with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to

object to legal conclusions may result in the loss of the right to *de novo* review in the district

court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*,

171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: May 4, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

9